Argued and submitted January 10, affirmed March 15,
petition for review denied June 13, 2006 (341 Or 80)

UNIFIED WESTERN GROCERS, INC.,
*Respondent,*

*v.*

PRICEWATERHOUSECOOPERS, LLP,
a Delaware limited liability partnership;
Larry Brown; and Joe Pointer,
*Appellants.*

0108-08668; A123933

131 P3d 796

Michael H. Simon argued the cause for appellants. With him on the briefs were Jeffrey C. Dobbins and Perkins Coie LLP.

Jeffrey M. Batchelor argued the cause for respondent. With him on the brief were Peter H. Glade, Lynn R. Stafford,

David W. Melville, and Markowitz, Herbold, Glade & Mehlhaf, PC.

Before Haselton, Presiding Judge, and Armstrong and Rosenblum, Judges.

ROSENBLUM, J.

## ROSENBLUM, J.

■        Defendants appeal from a judgment for plaintiff on its negligence claims. They assign error to the trial court's denial of their motion to dismiss on the ground that plaintiff is not the real party in interest. ORCP 26. We affirm.

■        In reviewing the denial of a motion to dismiss on real party in interest grounds, we accept the allegations in the complaint, together with all reasonable inferences that can be drawn therefrom, as true. *Association of Unit Owners v. Dunning*, 187 Or App 595, 607, 69 P3d 788 (2003). Plaintiff alleged the following facts in its complaint. Plaintiff is a corporation that is the result of a merger between two other corporations, United Grocers, Inc. (UG), and Certified Grocers of California (Certified). In the merger transaction, UG was merged into a wholly owned subsidiary of Certified, Certified changed its name to Unified Western Grocers, Inc. (plaintiff), and plaintiff issued shares of its stock to the shareholders of UG in return for their shares of UG.

Plaintiff alleged that, before the merger, defendants, PricewaterhouseCoopers and two of its partners, audited UG and reported to both UG and Certified that UG's financial statements conformed with generally accepted accounting principles. However, according to plaintiff, those financial statements were overstated. As a result, plaintiff claimed, it transferred shares to the UG shareholders that were worth $20,000,000 more than the UG stock for which it was exchanged. Accordingly, plaintiff brought this negligence action against defendants, seeking $20,000,000 in damages.

Defendants moved to dismiss or, alternatively, for substitution of parties, on the ground that plaintiff is not the real party in interest. Defendants claimed that plaintiff was not damaged because the shares that it issued to the UG shareholders were not publicly traded and therefore had no value. Defendants further argued that, even if the shares did have value, plaintiff was still not damaged because the value of the shares that it exchanged remained in the hands of plaintiff's new shareholders. Plaintiff responded that, although its shares were not publicly traded, they could still

be valued. Plaintiff further responded that, as a company, it was damaged because it got less than what it paid for.

The trial court concluded that plaintiff was the real party in interest because the claims, as stated by plaintiff, were simple negligence claims alleging that plaintiff "paid more than it should have (or got less than it paid for) because of defendants' negligence." The court reasoned that, regardless of the merits of those claims, plaintiff was the correct party to bring them. Accordingly, it denied defendants' motion to dismiss. Defendants renew their arguments on appeal.

We agree with the trial court that plaintiff was the correct party to bring the claims asserted in the complaint. The complaint alleged, "[T]he stock Unified (plaintiff) issued to UG shareholders in the merger was worth more than $20,000,000 more than the UG stock for which it was exchanged." We read that allegation as alleging that (1) the stock that plaintiff traded had value, (2) plaintiff did not get all of that value back in the exchange, and (3) therefore, plaintiff had less value after the merger than it did before. As noted above, in reviewing the denial of a motion to dismiss on real party in interest grounds, we accept the allegations in the complaint as true. Defendants' arguments seem to attack the underlying basis for plaintiff's factual assertions. However, if defendants wanted to do that, they needed to do so by way of some other procedural vehicle. Plaintiff is the correct party to bring the claims asserted in the complaint.

Affirmed.